[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13917

_____

D. C. Docket No. 00-00833-CV-J-21-TEM

GREAT AMERICAN INSURANCE CO.,
an Ohio stock company,

Plaintiff-Counter-Defendant-
Appellant-Cross-Appellee,

versus

FLORIDA ROCK INDUSTRIES, INC.,
a Florida corporation,

Defendant-Counter-Claimant-
Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 27, 2005)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

This appeal arises from a dispute regarding insurance coverage. Plaintiff-Appellant, Great American Insurance Company, appeals the district court's order granting partial summary judgment in favor of Defendant-Appellee, the insured Florida Rock Industries, Inc. ("Florida Rock"), as well as the district court's jury instructions in a subsequent trial on several issues not resolved at summary judgment. Plaintiff filed a six-count complaint seeking a declaratory judgment and rescission of the umbrella insurance policy it had issued to Florida Rock, a mining and drilling company, seeking to avoid coverage for a claim filed against Defendant by Berry College -- owner of the property where Florida Rock leased and mined a quarry -- and its insurance company. In its insurance claim, Berry College sought to recover for damages to its campus resulting from sinkholes near the Krannert Center ("the Krannert Center incident"), attributed, in part, to Defendant's quarry-related activity. The district court granted summary judgment in favor of Defendant on three of the six counts. The remaining three counts were sent to trial and submitted to a jury. The jury subsequently found in favor of Defendant on the remaining counts.

Plaintiff has raised three basic arguments on appeal, two challenging the district court's partial summary judgment order and one challenging the district court's jury instructions. As to the summary judgment order, Plaintiff, first,

2

contends that the district court erred in concluding that Defendant did not omit or misrepresent its "liability losses" in its responses to an application for the umbrella insurance policy that Great American relied upon in deciding to issue the policy. Plaintiff also argues that the district court erred in concluding that Defendant did not violate the voluntary payments exclusion provision of the policy as it relates to a check for $500,000 that Defendant sent to Berry College for damages resulting from the Krannert Center incident. Finally, as to the trial court's jury instructions, Plaintiff says that the district court's failure to include Plaintiff's proposed jury instructions constituted undue prejudice.

We are persuaded by none of these arguments and, accordingly, affirm the judgment of the district court in all respects.

Turning first to the district court's summary judgment order, we review the district court's order granting summary judgment de novo. See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000). A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v.</u> <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 288, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)). In making this assessment, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," <u>Stewart v. Happy</u> <u>Herman's Cheshire Bridge, Inc.</u>, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." <u>United</u> <u>of Omaha Life Ins. Co. v. Sun Life Ins. Co.</u>, 894 F.2d 1555, 1558 (11th Cir. 1990).

Based on our <u>de novo</u> review of the record, and on the district court's thorough and well reasoned order of October 15, 2002, which addressed in detail each argument subsequently raised on appeal, we affirm the district court's final judgment in all respects.

As to Plaintiff's jury instruction challenge, "[w]e apply a deferential standard of review to the trial court's jury instructions." <u>Bearint ex rel. Bearint v.</u> <u>Dorell Juvenile Group, Inc.</u>, 389 F.3d 1339, 1351 (11th Cir. 2004) (citing <u>Eskra v.</u> <u>Provident Life & Accident Ins. Co.</u>, 125 F.3d 1406, 1415 (11th Cir. 1997)). "If the instructions accurately reflect the law, the trial judge is given wide discretion as to the style and wording employed in the instruction." <u>Id.</u> "Under this standard, we

4

examine whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." Roberts & Schaefer Co. v. Hardaway Co., 152 F.3d 1283, 1295 (11th Cir. 1998) (citation omitted).

After a thorough review of the district court's jury instructions, we conclude that they do not create a "substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Bearint, 389 F.3d at 1351 (citation omitted). Dissatisfaction with the jury verdict alone does not constitute prejudice. Rather, we must find that the jury was confused and misled in its deliberations before we can disturb the verdict. We can discern no reason to do so here. Accordingly, we affirm in all respects.

**AFFIRMED.**